# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF KENTUCKY



FILED

SEP 28 2015

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

PAUL YATES,                                    )
                                               )
          Plaintiff,                           )
                                               )
     v.                                        )   Case No.: 0:15-cv-78-HRW
                                               )
EGS FINANCIAL CARE, INC. d/b/a NCO             )   **COMPLAINT AND DEMAND FOR**
FINANCIAL SYSTEMS, INC.                        )   **JURY TRIAL**
                                               )
          Defendant.                           )   **(Unlawful Debt Collection Practices)**
                                               )

PAUL YATES, ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against EGS FINANCIAL CARE, INC. f/k/a NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA.")

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the State of Kentucky, and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5.      Plaintiff is a natural person residing in Louisa, Kentucky 41230.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, PA 19044.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     At all relevant times, Defendant was attempting to collect an alleged consumer debt of $543 from Plaintiff, related to an auto loan obtained from First Financial Bank in July 2014.

11.     The debt arose out of transactions that were primarily for personal, family, or household purposes.

12.     The debt could have only been personal in nature, as Plaintiff owes no business debt.

13.     Beginning in mid-May, Defendant began to call Plaintiff on his home telephone number (606) 686-2342.

14.     Defendant's harassing collection calls originated from numbers including, but not limited to (301) 223-0072, (703) 656-9963, and (877) 278-5297.   The undersigned has confirmed that these numbers belong to Defendant.

15.     During this time, Plaintiff received, on average, seven (7) to eight (8) calls a day from Defendant.

16.     Defendant also made calls to Plaintiff on weekends.

17.     Between May and August 2015, Plaintiff received approximately 24 calls per week.

18.     Between May and August 2015, Plaintiff received a multitude of calls from Defendant.

19.     On multiple occasions in May, June and July 2015, Defendant's collector threatened to report this debt to the credit reporting agencies.

20.     In July 2015, Defendant's collector suggested that non-payment of the debt was disgraceful.

21.     Upon information and belief, Defendant did not intend on take the threatened action, and made the statements to coerce payment from Plaintiff.

22.     Plaintiff informed Defendant of his economic problems, and revoked consent for Defendant to call in late June 2015.

23.     Plaintiff also began to make $5 payments to First Financial Bank in August 2015.

24.     On several occasions Defendant contacted Plaintiff on her cellular telephone while she was working.  Each time, Plaintiff advised Defendant that she could not receive calls while at work and to stop calling her during her work hours.  However, Defendant ignored Plaintiff's request, and continued to contact her while she was at work.

25.     Upon information and belief, Defendant engaged in the practice of calling Plaintiff at work in part to cause problems between her and her employer, hoping that such calls would result in payment of the debt.

3

26. Defendant's repeated harassing calls and threats were made with the intent to abuse, harass and coerce payment from Plaintiff.

27. Further, at no time did Defendant send a written confirmation of the debt to Plaintiff.

## COUNT I
### DEFENDANT VIOLATED § 1692d OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

29. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, even after he told them to stop calling him, when it threatened to report Plaintiff to the credit reporting agencies, and when it engaged in other harassing or abusive conduct.

## COUNT II
### DEFENDANT VIOLATED § 1692d(5) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

31. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

4

## COUNT III
## DEFENDANT VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32.     Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive

or misleading representations or means in connection with the collection of any debt.

33.     Defendant violated § 1692e of the FDCPA when it threatened to report Plaintiff to

the credit reporting agencies without the intent to take such action, and when it made other false,

deceptive or misleading representations.

## COUNT IV
## DEFENDANT VIOLATED § 1692e(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

34.     Section 1692e(5) FDCPA prohibits debt collectors from threatening to take an

action that cannot legally be taken or which is not intended to be taken.

35.     Defendant violated § 1692e(5) of the FDCPA when it threatened to report

Plaintiff to the credit reporting agencies when it lacked the intent to take such action.

## COUNT V
## DEFENDANT VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

36.     Section 1692e(10) of the FDCPA prohibits debt collectors from using false

representations or deceptive means to collect a debt or to obtain information from a consumer.

37.     Defendant violated § 1692e(10) of the FDCPA when it threatened to garnish

Plaintiff's wages, when it threatened to report Plaintiff to the credit reporting agencies without

the intent to take such action, and when it made other false, deceptive or misleading

representations.

WHEREFORE, Plaintiff, PAUL YATES, respectfully prays for a judgment as follows:

    a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    e.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff PAUL YATES, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: September 21, 2015        KIMMEL & SILVERMAN, P.C.

By: s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: 215-540-8888
Fax: 215-540-8817
aginsburg@creditlaw.com

Attorney for the Plaintiff